IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WONGA MAQAGI

v.                                          C.A. NO. 13-1573

HORIZON LAMPS, INC., et al.

FILED

JUL 16 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

MEMORANDUM OPINION

SCHMEHL, J.                                                      JULY,    2014

Plaintiff has asserted claims against the defendants under Title VII, the Americans with Disabilities Act and the Family Medical Leave Act. The deadline for the completion of all fact discovery is July 30, 2014, although the parties have informed the Court that discovery is essentially completed. Following a recent settlement conference with the Court, plaintiff's attorney filed a motion to withdraw as counsel for plaintiff. The plaintiff opposes the motion, defendant does not. The Court held a hearing on the motion on June 30, 2014, at which plaintiff appeared. For the reasons that follow, the motion is granted.

Plaintiff's counsel claims "the relationship between plaintiff and this firm has been rendered irretrievably damaged and our continued representation of plaintiff unreasonably difficult." (Doc. 34 at 3). Plaintiff's counsel provides further detail in an ex parte communication to the Court dated June 4, 2014. Plaintiff has filed an opposition to the motion in which he claims, inter alia, "the relationship between plaintiff and plaintiff attorneys remains intact, cordial, professional, polite and courteous at all times without an inkling of harm having been done to the noted relationship, whatsoever." (Doc. 37 at 6).

Under this District's Local Rules of Civil Procedure, an "attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." Local R. Civ. P. 5.1(c). Whether to permit an attorney to withdraw must be determined with reference to the underlying purpose of Local Rule 5.1, which includes "ensuring effective court administration." See Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir. 1986); see also Carter v. City of Philadelphia, No. 98-2903, 2000 WL 537380, at * 1 (E.D. Pa. Apr. 25, 2000); Greene v. Rubin, No. 95-2415, 1995 WL 723188, at * 1 (E.D. Pa. Dec. 5, 1995). In adjudicating an attorney's motion to withdraw, the Court should consider: (1) the reasons withdrawal is sought; (ii) the prejudice withdrawal may cause to the litigants; (iii) the harm withdrawal might cause the administration of justice; and (iv) the degree to which withdrawal will delay resolution of the case. See Carter, 2000 WL 537380, at *1; Greene, 1995 WL 723188, at *1.

Based on the parties' submissions, and the hearing held, the Court finds that the relationship between plaintiff and his counsel has deteriorated to the point where counsel will be permitted to withdraw. The Court is satisfied that forcing plaintiff's counsel to remain in the case would expose counsel's firm to significant financial hardship, given that the firm is representing plaintiff on a contingency basis and has fronted all costs. Withdrawal of counsel will not unduly harm the administration of justice, delay the resolution of this case or prejudice any of the litigants. Discovery has been essentially completed and the case is ready to be disposed of either through dispositive motions or trial. The Court will protect plaintiff's interests by staying this matter for a period of 60 days from the date of this Order, so that plaintiff can secure new counsel. If no new counsel has entered their appearance within 60 days of the date of this Order,

the case will proceed with plaintiff acting in a pro se capacity. The Court will set a new date for the filing of dispositive motions as well as a trial date after the 60-day stay has expired. The Court will give plaintiff or new counsel ample time to prepare for the case and to get up to speed in this matter before scheduling a new trial date. In the meanwhile, plaintiff has clearly demonstrated that he can file documents on the Court's Electronic Case Filing system.