IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WONGA MAQAGI** | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  13-cv-1573 |
| | : | |
| **HORIZON LAMPS, INC., et al.** | : | |

## MEMORANDUM OPINION

**SCHMEHL, J. /s/ JLS**                                                    **DECEMBER 9, 2016**

      By Memorandum Opinion and Order entered on filed May 27, 2016, the Court entered judgment in favor of the defendants and against the *pro se* plaintiff. (ECF 73, 74.) Plaintiff had originally been represented by counsel, but the Court permitted counsel to withdraw based on irreconcilable differences between plaintiff and his counsel over the value of this case. The docket reflects that both the Memorandum Opinion and Order were sent to plaintiff's address of record and by email. (Id.) On June 30, 2016, plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit. (ECF 75.) On July 12, 2016, plaintiff, apparently having realized that his Notice of Appeal was untimely, filed a "Motion in Terms of Rule 25 'filing and service,' Federal Rules of Appellate Procedure Title VII, General Provisions: Argument that Appeals Court has Full Jurisdiction." (ECF 77.) The Court will construe this motion as a motion for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure. For the reasons that follow, the motion is denied.

      As both the United States Supreme Court and the Court of Appeals for the Third Circuit have recognized, the timely filing of a notice of appeal is "mandatory and jurisdictional." Hohn v. United States, 524 U.S. 236, 247 (1998); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 237 (3d Cir. 2005); see also Fed. R. App. P. 3(a)(l). Under the

1

Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed with the district clerk within thirty (30) days after entry of the judgment or order appealed from. See Fed. R. App. P. 4(a)(l)(A).

Despite the general rule that a notice of appeal must be filed within thirty (30) days, district courts do "have limited authority to grant an extension of the 30-day time period." <u>Bowles v. Russell</u>, 551 U.S. 205, 214 (2007); see also <u>Ragguette v. Premier Wines & Spirits</u>, 691 F.3d 315, 323 (3d Cir. 2012). However, a "district court may extend the time to file a notice of appeal only if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." See Fed. R. App. P. 4(a)(5)(A) (emphasis added).

While plaintiff has satisfied the first requirement of Appellate Rule 4(a)(5)(A), since he filed the present Motion for Extension before the thirty (30) day grace period expired, plaintiff fails to show either good cause or excusable neglect for his untimely appeal and extension of time request.

The "good cause" standard applies where the motion for extension is "occasioned by something that is not within the control of the movant . . . . If, for example, the Postal Service fails to deliver a notice of appeal . . . ."Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to 2002 Amendments.

Here, the motion for an extension is occasioned by events solely within the control of the plaintiff. Plaintiff has not set forth any circumstances or set of

circumstances that he claims prevented him from filing the notice of appeal by June 26, 2016. More specifically, nothing in plaintiff s papers suggests that he did not receive notice of this Court's Memorandum Decision and Order of May 26, 2016, both of which were mailed to his address of record and both of which appeared on the ECF system. Indeed, Exhibit B to defendants' response brief reveals that plaintiff had notice of the Court's Memorandum Decision and Order by no later than June 2, 2016. (ECF 78, Exh. B.) There cannot be good cause, as the failure to file a timely notice of appeal was caused by plaintiff.

"The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to 2002 Amendments.

In order to determine whether plaintiff's neglect is 'excusable,' this Court must weigh four (4) factors: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Kanoff v. Better Life Renting Corp., 350 F. App'x 655, 657 (3d Cir. 2009) (citing Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)).

While the law is clear that "no one factor is dispositive," it is equally clear that "`inadvertence, ignorance of the rules, or mistakes construing the rules do not usually

constitute excusable neglect.'" Id. (quoting Pioneer, 507 U.S. at 392). The standard for determining excusable neglect is a strict one and excusable neglect applies only to extraordinary cases where injustice would otherwise result. Consol. Freightways Corp. v. Larson, 827 F.2d 916, 918 (3d Cir. 1987) (citing Advisory Committee Notes to 1966 amendment to Fed. R. Civ. P. 73, the predecessor of Fed. R. App. P. 4(a)).

All four (4) factors weigh in favor of denying plaintiff's Motion.

1. <u>Danger of Prejudice **to** Defendants</u>

First, defendants would endure prejudice if the Court grants plaintiff's application and allows him to pursue his appeal. Following the litigation of this case, the entry of judgment in defendants' favor on May 27, 2016, and the expiration of the appeal deadline 30 days later, defendants reasonably believed and expected that this matter had reached a final resolution. It was not until the filing of the notice of appeal on June 30, 2016 that defendants first learned of plaintiff's belated intent to appeal.

Moreover, defendants were then forced to expend additional time and resources on continuing to litigate this matter by filing an opposition to the current motion in order to preserve the finality of the judgment defendants believed they had obtained. See <u>Lima v. Aetna Life Ins. Co.</u>, 2013 U.S. Dist. LEXIS 181808, at *5 (D.N.J. Sept. 22, 2014) (finding that the defendants' effort to oppose a motion for extension of time to file a notice of appeal reflected that a, discernable amount of prejudice did in fact inure to the defendants from the delay by the plaintiff in filing a timely appeal).

Accordingly, Defendants will be sufficiently prejudiced by the granting of this Motion such that the first factor weighs against plaintiff.

2. <u>Length of Delay</u>

The second factor requires the Court to consider the length of the delay and its impact on judicial proceedings. Plaintiff had a total of sixty (60) days from the date the Order and Memorandum Decision was filed to file the instant motion for an extension. See Fed. R. App. P. 4(a)(5)(C). Plaintiff waited until approximately 45

days from the date judgment was entered before filing the instant motion. At no time did plaintiff ever communicate his intent to appeal with defendants or their counsel. As a result, the second factor weighs against plaintiff.

### 3. <u>Reasons for Delay</u>

Plaintiff does not assert any reasons for the delay except to state that since he mailed his notice of appeal to the district clerk on June 26, 2016, the appeal was timely under Rule 25 of the Federal Rules of Appellate Procedure. Rule 25(a)(2)(A), however, specifically states "[f]iling may be accomplished by mail addressed to the clerk, <u>but filing is not timely unless the clerk receives the papers within the time fixed for filing</u>." (emphasis added.) Thus, plaintiff still needed to have <u>filed</u> his notice of appeal with the clerk by June 26, 2016, not simply <u>mailed</u> it on that date.

To the extent plaintiff can claim that his delay was caused by his *pro se* status, a review of the docket reflects otherwise.

After his counsel was permitted to withdraw, the *pro se* plaintiff filed a Memorandum of Law in Support of Plaintiff's Response in Opposition to Motion to Withdraw as Attorney [ECF 37], a Request for a Continuance [Doc. 38], a Response in Opposition to the Cross-Motion to Compel Wonga Maqagi to produce all Tax Returns filed Between 2012-2014 [ECF 48], Plaintiff's Objection to Defendant's Motion for Summary Judgment [ECF 51], a timely Notice of Appeal [ECF 56], a Response in Opposition to Motion for Summary Judgment [Doc. 66], a Reply to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment [Doc 69], the untimely Notice of Appeal [Doc. 75], the Motion in Terms of Rule 25 "filing and Service" Federal Rules of Appellate Procedure Title VII, General Provisions: Argument

that Appeals Court has Full Jurisdiction [ECF 77] and Plaintiff's Response to Defendants' Opposition to Plaintiff's Motion Regarding Appellate Court Jurisdiction [ECF 79]. The sophistication of these pleadings and Plaintiff's ability to cite and apply the relevant case and statutory law belie any contention that plaintiff is a *pro se* litigant not versed in the law. In fact, this factor strongly weighs against plaintiff's position. As such, plaintiff's *pro se* status clearly does not qualify as a valid reason for his delay.

### 4. Absence of Good Faith

Finally, plaintiff's inaction demonstrates an absence of good faith. Plaintiff failed to make any tangible effort to attempt to meet the notice of appeal deadline. Plaintiff also failed to communicate any desire to appeal, in any form. As such, Plaintiff has failed to demonstrate a good faith effort to comply with the Rules of this Court. See Avery v. Hendricks, 2006 U.S. Dist. LEXIS 32757 (D.N.J. May 23, 2006) (holding that the petitioner failed to demonstrate a good faith effort to comply with the rules of the court because he failed to communicate a desire to appeal with the court or his adversary). Ironically, plaintiff previously filed a timely notice of appeal (ECF 56), appealing this Court's overruling of plaintiff's objection to defendants' motion for summary judgment. (ECF 55.) This demonstrates plaintiff clearly knows the rules and can comply with them. The Court of Appeals dismissed that appeal for lack of jurisdiction. (ECF 63.) Plaintiff's baseless appeal resulted in a significant delay in the disposition of this action.

Because each of the four (4) factors for finding excusable neglect weigh against plaintiff and because plaintiff has failed to show good cause, plaintiff's Motion for Extension of Time to File a Notice of Appeal is denied.